**In re William SIVERLING and Linda Siverling, Debtors.**

**Bankruptcy No. 92–31164–A–13.**
**Motion Control Nos. IRS–1, RD–1.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

Submitted May 24, 1994.

Decided Jan. 11, 1995.

Richard Dangler, Sacramento, CA, for debtors.

Charles J. Stevens, U.S. Atty., John F. Gisla, Asst. U.S. Atty., and Thomas M. Rohall, Lori M. Mersereau, Bruce E. Gardner, Sp. Asst. U.S. Attys., Sacramento, CA, for I.R.S.

Lawrence J. Loheit, Chapter 13 Trustee, Sacramento, CA.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Chief Judge.

Chapter 13 Debtors William and Linda Siverling object to a claim made by the Internal Revenue Service (hereinafter the "Service") on grounds that the Service failed to assess Debtors' tax liability within the applicable limitations period. The Service opposes Debtors' objection on the grounds that a timely assessment was made although in violation of the automatic stay. The Service now moves for retroactive relief from the automatic stay in order to validate the prohibited tax assessment. For reasons set forth below, the court grants the Service's motion.

## BACKGROUND

On November 5, 1992, Debtors William and Linda Siverling entered into a "Closing Agreement" with the Service concerning tax liabilities for years 1983–1989, which stemmed from Debtors' interest in an investment known as the "Hoyt Partnership". Six weeks later, on December 22, 1992, Debtors filed a petition for bankruptcy under Chapter 13. The Service filed a timely claim for $59,634.71 on March 10, 1993. On March 23, 1994, Debtors objected to the Service's claim.

Debtors filed this objection to the Service's claim on grounds that the Service failed to assess Debtors' tax liabilities within the applicable period of limitations and thus is barred from bringing a claim. In its response and counter-motion, the Service asserts that it did make an assessment on February 8, 1993, but admits that the assessment violated the automatic stay. The Service contends, *inter alia,* that it is entitled to retroactive relief from stay which would validate the prohibited assessment and preserve its claim against Debtors.

## ISSUES

The court must first determine whether an assessment was made. If an assessment was

1. I.R.C. § 7121 allows the IRS to enter into binding agreements with taxpayers regarding tax liabilities.

2. I.R.C. § 6231(b)(1)(C) provides:

made, did it violate the automatic stay? If the assessment did violate the automatic stay, should the court lift the automatic stay retroactively?

## DISCUSSION

■ The Debtors and the Service signed a Closing Agreement[1] on November 5, 1992, which effectively transformed the partnership items into nonpartnership items pursuant to I.R.C. §§ 6231(a)(3), (b)(1)(C).[2] When partnership items are transformed into nonpartnership items by way of settlement agreement, I.R.C. § 6229(f) governs the applicable limitations period. Section 6229(f) provides:

If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A [governing income taxes] with respect to the partnership items of a partner for the partnership taxable years, such items become nonpartnership items by reason of [settlement agreement under I.R.C. § 6231(b)], the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items.

Thus, absent any applicable extensions or tolling, the Internal Revenue Code establishes a minimum one-year period of limitations for assessing a taxpayer's nonpartnership liabilities arising from I.R.C. § 6231(b)(1)(C) settlement agreements. In the instant action, the Service had until November 5, 1993, to make an assessment of Debtor's liabilities for tax years 1983 to 1989, unless the period of limitations was tolled or extended.

■ I.R.C. § 6503(a)(1) states the Service's general rule for tolling the period of limitations. The rule explains:

For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date the Secretary enters into a settlement agreement with the partner with respect to such items.

The running of the limitations period [for making assessments] as provided in section 6501 or 6502 (or section 6229, but only with respect to a deficiency [arising from items which have become nonpartnership items *other than by reason of settlement agreements*]) ... shall be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court ... and for 60 days thereafter.[3]

I.R.C. § 6503(a)(1) (emphasis added); *see also* I.R.C. § 6230(a)(2)(A). In other words, the Internal Revenue Code's general tolling provision does not apply to a deficiency arising from items which have become nonpartnership items *by reason of settlement agreements under 6231(b)(1)(C)*. The court also notes that the Internal Revenue Code tolls the limitations period set forth in §§ 6501 and 6502—but not § 6229—when a case involves bankruptcy under Title 11.[4] I.R.C. § 6503(h). Construing I.R.C. § 6503(a)(1) and I.R.C. § 6503(h) together suggests that the drafters of the Internal Revenue Code did not contemplate that bankruptcy should toll the limitations period for assessment of partnership items transformed into nonpartnership items by way of settlement agreement. Thus, it appears that the Internal Revenue Code required the Service to assess debtors nonpartnership liabilities by November 5, 1993, unless *another* tolling provision applied.

■ In their reply to the Service's opposition, Debtors concede that an assessment was indeed made by the Service before it filed its claim. (Debtors' Reply Brief, 5:1–5.) Therefore, the court finds that the Service did make an assessment within the limitations period. However, the automatic stay provision of the Bankruptcy Code prohibits "any act to collect, *assess*, or recover a claim against the debtor" that arose before commencement of the bankruptcy case, unless the creditor *obtains relief of the court*. 11 U.S.C. §§ 362(a)(6), (d) (emphasis added). In the instant action, the Service admits it assessed Debtors' tax liabilities on February 8, 1993, without relief from the court, which violated the automatic stay. Because violations of the automatic stay are void, the Service's assessment is without effect and its claim is time-barred, unless another tolling provision applies or the court grants retroactive relief from stay. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992).

■ Section 362(d) explains that a court may grant relief from stay "by terminating, annulling, modifying, or conditioning such stay *for cause*." 11 U.S.C. § 362(d)(1) (emphasis added). The Ninth Circuit Court of Appeals has stated that "the bankruptcy court has wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *Schwartz*, 954 F.2d at 572. The *Schwartz* court held that if a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay. *Id.* at 573. The court held that "[S]ection 362(d) gives the court the power to ratify retroactively any violation of the automatic stay which would otherwise be void." *Id.* at 573.

■ Whether "cause" exists to grant relief from the automatic stay—retroactive or otherwise—is a matter within the \discretion of bankruptcy court. *In re Fischer*, 136 B.R. 819 (D.Alaska 1992). Some courts use a balancing test, finding "cause" when the stay will harm the creditor and lifting the stay will not *unjustly* harm the debtor or other creditors. *In re Priestley*, 93 B.R. 253 (Bankr.D.N.M.1988) (cites omitted) (emphasis added).

> The running of the period of limitations *provided in section 6501 or 6502* on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and (1) for assessment, 60 days thereafter, and (2) for collection, 6 months thereafter (emphasis added).

---

3. I.R.C. § 6230(a)(2)(A) provides:

Subchapter B shall apply to any deficiency attributable to ... items which have become nonpartnership items (*other than by reason of [a settlement agreement transforming partnership items into nonpartnership items as allowed under] section 6231(b)(1)(C))* and are described in section 6231(e)(1)(B) (emphasis added).

4. I.R.C. § 6503(h) provides:

At least one court granted retroactive relief where it found that had the moving party sought relief the court would have been required to grant relief for cause. *In re Nasson College*, 80 B.R. 600 (Bankr.D.Maine 1988). In that case, the debtor, Nasson College, was a post-secondary educational institution which had filed for relief under Chapter 11. The New England Association of Schools and Colleges, Inc., whose function included evaluation of schools and colleges for accreditation, terminated Nasson College's accreditation in violation of the automatic stay. In granting retroactive relief, the court reasoned that *had the association sought relief earlier*, the court would have been required to grant relief for cause since the debtor had ceased its educational programs, which were essential to accreditation, and since the association acted in good faith. *Id.* at 604–05.

Applying the balancing test set forth above, the court finds that in the instant action had the Service sought relief earlier, the court would have found sufficient cause to allow the Service to assess the taxes owed on the Hoyt Partnership. Harm to the creditor from enforcing the stay is obvious: if barred from bringing its claim, the Service will not be able to recover $59,634.71 in taxes owed by Debtors pursuant to the settlement agreement. Denial of relief would preclude the Service from collecting on an otherwise valid proof of claim.

On the other hand, the court finds no *unjust* harm from lifting the stay retroactively in order to ratify the prohibited assessment. Here, Debtors entered into a settlement agreement to resolve disputed tax liabilities. Debtors benefited from entering the settlement agreement, which presumably avoided institution of an administrative or civil action by the Service. Moreover, Debtors entered the settlement agreement with the understanding that their tax liability was as yet undetermined. In fact, the settlement agreement at paragraph 7 made reference to the period of assessment, effectively adopting the limitations period set forth in section 6229(f).

Settlement agreements between delinquent taxpayers and the Service encourage administrative efficiency and payment of taxes. To nullify the assessment now would contravene the spirit and purpose of allowing settlement agreements. Furthermore, denial of relief would hamper enforcement of settlement agreements between the Service and delinquent taxpayers. Most importantly, Congress expressly intended that assessments made in accordance with settlement agreements should be strictly upheld.[5] I.R.C. § 7121(b).

Unquestionably, the Service should have sought relief from the court before proceeding with its assessment. However, the court notes that the Service erred in good faith; the Service explains its examination division lacked knowledge that debtors had filed a bankruptcy petition when it conducted the prohibited assessment. For these reasons, equity directs the court to grant the Service retroactive relief from stay to validate the prohibited assessment and preserve its otherwise valid claim.

The foregoing constitute this court's findings of fact and conclusions of law. An appropriate order will issue.

### ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM OF I.R.S. AND GRANTING I.R.S. MOTION FOR RETROACTIVE RELIEF

The objection of Debtors William and Linda Siverling came on for hearing on May 24, 1994. The court having filed its Memorandum of Decision, and it appearing to the court that the interest of justice would be served thereby,

IT IS HEREBY ORDERED that the objection of Debtors to the claim of the Internal Revenue Service is OVERRULED.

---

5. I.R.C. § 7121(b) provides:
   [A settlement] agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact ... in any suit, action, or proceeding, such agreement, or any determination, *assessment*, [or] collection ... made in accordance therewith, shall not be annulled, modified, set aside, or disregarded (emphasis added).

IT IS FURTHER ORDERED that the motion of the Internal Revenue Service seeking retroactive relief from stay to validate its tax assessment made on February 8, 1993, is GRANTED.