OPINION
 

 BRUNETTI, Circuit Judge:
 

 Appellees-creditors Thomas and Elisa Ma-taya sued appellant-debtor Michael Kissinger in state court for legal malpractice arising out of Kissinger’s representation of Thomas Mataya in connection with the death of Mata-ya’s son. Kissinger represented himself at trial. Following the presentation of evidence on liability and compensatory damages, the trial judge, sua sponte, granted a two day recess. During the recess, Kissinger filed a Chapter 11 bankruptcy petition.
 

 When the proceedings reconvened on June 28, 1993, the judge ordered the immediate completion of the trial, despite the pendency of the bankruptcy petition and the corresponding automatic stay provided by 11 U.S.C. § 362(a). The following day, the jury returned a verdict for the Matayas in the amount of $90,000. Because the jury also found that Kissinger acted with “oppression, fraud, or malice,” the trial judge put the matter over to August 6, 1993, for a trial on punitive damages.
 

 The Matayas then filed a motion in the bankruptcy court seeking relief from the automatic stay,
 
 nunc pro tunc
 
 to June 28,1993. The bankruptcy court granted retroactive relief, so that the judgment would be valid in the state court action, as well as prospective relief, so that the punitive damages trial could proceed. The district court affirmed the bankruptcy court's decision. Kissinger appeals that portion of the bankruptcy court’s order granting retroactive annulment of the automatic stay. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm the order of the bankruptcy court.
 

 Kissinger contends that the bankruptcy court did not have the power to grant retroactive annulment of the stay, and, even if it did, that there was not sufficient cause to grant such relief. The first contention presents an issue of law reviewed de novo.
 
 In re Weisman,
 
 5 F.3d 417, 419 (9th Cir.1993). Because a decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy court, the second contention is reviewed under the abuse of discretion standard.
 
 In re Mac Donald,
 
 755 F.2d 715, 716 (9th Cir.1985). We reject both of Kissinger’s contentions.
 

 Despite the importance of the automatic stay as a vital protection of the bankruptcy debtor,
 
 see In re Schwartz,
 
 954 F.2d 569, 571 (9th Cir.1992), 11 U.S.C. § 362(d)(1) allows a bankruptcy court to grant relief from the automatic stay “for cause.” Such
 
 *109
 
 relief may include “terminating, annulling, modifying, or conditioning such stay.”
 
 Id.
 
 § 362(d). Thus, as we have previously noted, “section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay.”
 
 Schwartz,
 
 954 F.2d at 572 (citing 2
 
 Collier on Bankruptcy,
 
 § 362.07 (15th ed. 1984)). Retroactive annulment, however, should be “applied only in extreme circumstances.”
 
 In re Shamblin,
 
 890 F.2d 123, 126 (9th Cir.1989).
 

 The bankruptcy court did not abuse its discretion in finding that retroactive relief was warranted. The court first found that there would have been cause to lift the stay prospectively at the time of the Chapter 11 filing because: the state court claim was sufficiently large such that it would have to be resolved before Kissinger could complete a reorganization; Kissinger was able to defend himself in the state court action; and Kissinger’s decision to file a Chapter 11 petition just before the state court action was to go to the jury appeared to be in bad faith. Additionally, the bankruptcy court found that there was additional cause to annul the stay retroactively to the time of the filing because: the failure to obey the stay was caused by the state court judge, not the creditor; and not annulling the stay would either lead to nonsensical results, by submitting the same case to the same jury that had just rendered a decision, or impose an unwarranted hardship on the creditors, since retrial would be costly. The bankruptcy court did not abuse its discretion in finding that these circumstances warranted retroactive annulment of the automatic stay.
 

 AFFIRMED.