**In re John D. MURRAY and Bessie J. Murray, Debtors.**

Bankruptcy No. 93–21340–A–13.

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

Feb. 8, 1996.

Michael S. Noble, Sacramento, CA, for Debtors.

Thomas M. Rohall, Special Assistant U.S. Attorney, Sacramento, CA, for IRS.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Chief Judge.

The Internal Revenue Service ("the Service") seeks retroactive relief from the automatic stay under 11 U.S.C. § 362(d) in order to validate a tax assessment made in violation of the automatic stay. A hearing was held and the matter was taken under submission. For reasons set forth below, the court will deny the motion.

### FACTUAL BACKGROUND

Prior to filing for bankruptcy, Debtors John D. Murray and Bessie J. Murray, husband and wife, invested in one or more partnerships established by a tax shelter promoter named Walter J. Hoyt III ("Hoyt Tax Shelter"). It is undisputed that the Hoyt Tax Shelter partnerships are considered "TERFA" partnerships under 26 U.S.C. § 6231.

On December 29, 1992, Debtors signed a stipulated decision in the United States Tax Court for income tax liabilities accruing from tax years 1974 through 1982 (hereinafter "stipulated liabilities"). The stipulated decision was approved and entered by the Tax Court on February 9, 1993. It is undisputed that the limitations period for assessing the stipulated liabilities is open under 26 U.S.C. § 6503(h).

Also on December 29, 1992, Debtors signed a settlement agreement, known as a "Closing Agreement" pursuant to 26 U.S.C. § 7121, with the Service to resolve liabilities accruing from tax years 1980 through 1992. The agreement, effective on January 27, 1993, transformed partnership items, as defined in 26 U.S.C. § 6231(a)(3), into non-partnership items. Pursuant to 26 U.S.C. § 6229(f), this transformation required the Service to assess Debtors' non-partnership item liabilities within one year from the date the agreement was executed or before January 27, 1994.

On February 16, 1993, Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

On May 17, 1993, the Service assessed Debtors' tax liabilities without obtaining relief from the automatic stay.

On March 9, 1994, the Service filed a proof of claim in the amount of $154,564.50. The Chapter 13 Trustee filed an objection to the proof of claim on the ground that the late-filed claim was time-barred. Debtors joined this objection. However, this court overruled the objection based upon *In re Pacific Atlantic Trading*, 33 F.3d 1064 (9th Cir. 1994). Debtor appealed the order to the Bankruptcy Appellate Panel. On August 2, 1995, the Panel affirmed this court's order overruling debtor's objection.

On August 4, 1995, Debtor filed in the bankruptcy court a motion for reconsideration of the order overruling debtor's objection to the Service's claim. This time, the motion for reconsideration was based on the separate ground that the Service had violated the stay by assessing the debtor's taxes without leave of court. Debtors contended that the court should disallow the Service claim because it is based upon a void assessment. The Service opposed Debtors' motion and filed a countermotion seeking retroactive annulment of the automatic stay to validate its prohibited assessment. Shortly before the scheduled hearing on the two motions, Debtors inexplicably withdrew their motion for reconsideration. Thus, the court only considers the Service's countermotion.

### DISCUSSION

■ The "automatic stay" provision of the Bankruptcy Code prohibits "any act to collect, *assess*, or recover a claim against the debtor" that arose before commencement of the bankruptcy case, unless the creditor obtains relief of the court. 11 U.S.C. §§ 362(a)(6), (d) (emphasis added).[1] Acts in violation of the automatic stay are void. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992). However, the court may grant *retroactive* relief from the automatic stay "for cause." *Id.*; 11 U.S.C. § 362(d)(1). Retroactive relief from the automatic stay effectively ratifies an action that otherwise would have been void. *Schwartz*, 954 F.2d at 573; *see also Davies v. Commissioner of the Internal Revenue*, 68 F.3d 1129, 1130 (9th Cir.1995). Unfortunately, the Ninth Circuit Court of Appeals has not articulated what constitutes sufficient "cause" to justify granting retroactive relief.

The Service correctly points out that this court recently addressed the issue of retroactive relief from the automatic stay in a case factually similar to the instant case. *In re Siverling*, 179 B.R. 909 (Bankr.E.D.Cal. 1995), *aff'd* No. Civ. S-95-470-WBS, slip op. (E.D.Cal. Feb. 6, 1996). In *Siverling*, the debtors filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code shortly after entering a "Closing Agreement" with the Service to resolve tax liabilities arising from the debtors' investments in the Hoyt Tax Shelter. Section 6229(f) of the Internal Revenue Code required the Service to assess

---

1. All citations to the Bankruptcy Code refer to Title 11 of the United States Code prior to the October 22, 1994, amendments. While the 1994 amendments to the Bankruptcy Code recognize an exception to the automatic stay for tax assessments, the exception does not apply to cases filed prior to the enactment of the amendments.

the debtors' tax liabilities within one year of the agreement. *Id.* at 910–11. Without seeking leave of court, the Service proceeded to assess the debtors' taxes 46 days after they filed for bankruptcy. The Service later sought retroactive relief to validate its prohibited assessment.

In considering whether retroactive relief was appropriate, this court recognized that whether cause exists to grant retroactive relief from the automatic stay is a matter within the discretion of the bankruptcy court. *Siverling*, 179 B.R. at 911. This court then adopted the balancing test set forth in *In re Priestley*, 93 B.R. 253, 261 (Bankr.D.N.M. 1988) as one method for determining whether there was sufficient cause to justify granting retroactive relief from the automatic stay. *Id.* at 911. "Cause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors." *Priestley*, 93 B.R. at 261. This court also considered whether it would have been required to grant relief for cause had the offending creditor sought relief prior to violating the stay. *Siverling*, 179 B.R. at 912. Balancing these equities, this court found no unjust harm to the debtors from retroactively lifting the automatic stay in order to validate the Service's prohibited assessment. *Id.* Likewise, retroactively lifting the automatic stay would not have caused unjust harm to creditors.[2] On the other hand, this court found obvious harm to the Service without relief; enforcing the stay rendered the prohibited assessment void and thus the Service claim for taxes stemming from debtors investment in the Hoyt Tax Shelter might have been time-barred by the Internal Revenue Code, 26 U.S.C. § 6229(f). *Id.* In its motion, the Service explained that the "violation was not willful" and that "the examination division was unaware" that the debtors had filed for bankruptcy. This court found that the Service erred in good faith when it made its assessment, yet cautioned that the Service "unquestionably . . . should have sought relief from the court before proceeding with its assessment." 179 B.R. at 912.

In the instant case, the Service relies on *Siverling* in support of its motion for retroactive relief; however, this reliance is overly optimistic. The holding in *Siverling* is not to be construed to validate every violation of the automatic stay where relief would have been granted had it been sought prior to the violation. Nor is *Siverling* to be construed as holding that tax assessments conducted in violation of the stay do not unjustly harm debtors or other creditors. Finally, *Siverling* is not to be construed as finding cause simply because the offending creditor acted in good faith when it violated the stay.

Balancing the equities here, the court finds that, irrespective of any harm to Debtors, retroactively lifting the automatic stay in the instant case would *unjustly harm the integrity of the bankruptcy process*—because the Service has nonchalantly and continuously acted in violation of the stay. Despite suggestions that post-petition assessments without leave of court are anomalous, this court observes with concern that the Service has routinely made assessments in violation of the automatic stay despite notice of a taxpayer's bankruptcy petition.[3] The Service should not be rewarded for its negligent, if not willful, disregard of the Bankruptcy Code. Any harm to the Service from enforcing the stay does not outweigh the harm to the bankruptcy process if the stay were lifted to ratify repeated abuses.

The Ninth Circuit Court of Appeals recently held that retroactive relief should be granted only in "extreme circumstances." *In re Kissinger*, 72 F.3d 107, 109 (9th Cir.1995) (cites omitted). While it did not overrule this

---

**2.** The decision in *Siverling* did not expressly note the absence of harm to other creditors. However, pursuant to Fed.R.Evid. 201, the court takes judicial notice of the record in *Siverling*. At the time the court rendered its decision in *Siverling*, the debtors had no other allowed claims; thus, no harm to creditors would result from retroactive lifting of automatic stay. Furthermore, the debtors had no non-priority, unsecured creditors.

**3.** Pursuant to Fed.R.Evid. 201, the court takes judicial notice of two cases, subsequent to *Siverling*, in the Bankruptcy Court for the Eastern District of California where the I.R.S. again violated the stay—assessing taxes of debtors who invested in the Hoyt Tax Shelter without leave of court: *In re Johnson*, Case No. 94–23207–A–13, and *In re Yount*, Case No. 94–21952–A–13.

court's prior ruling, *Kissinger* implicitly limits application of the balancing test adopted in *Siverling*. Given the Service's repeated disregard for the automatic stay, the court finds no "extreme circumstances" to weigh in favor of granting retroactive relief. Therefore, the court will deny the Service's motion for retroactive relief from the automatic stay.[4]

The foregoing constitute this court's findings of fact and conclusions of law. An appropriate order will issue.

4. While the consequences of this determination may prevent the I.R.S. from collecting on its claim, this narrow issue is not before the court. The I.R.S. had notice of Debtors' bankruptcy filing, and, "[a]ny creditor or agent that continues collection or enforcement actions after notice of a bankruptcy filing acts at its peril." *In re Ramirez,* 183 B.R. 583, 591 (9th Cir. BAP 1995).