## In re BEECHKNOLL NURSING HOMES, INC., and Beechknoll Woods Company.

### Bankruptcy No. 92–14919.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Jan. 8, 1997.

---

## ORDER RE: MOTION TO RECONSIDER ORDER RE: POST–CONFIRMATION QUARTERLY FEES

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the United States Trustee's Motion to Reconsider Order Re: Post–Confirmation Quarterly Fees (Doc. 189) and the Debtors' response (Doc. 190). A hearing was held on December 9, 1996.

This matter involves the interpretation of 28 U.S.C. § 1930(a)(6), as amended on January 26, 1996, and as amended again on September 30, 1996. Prior to January 26, 1996, 28 U.S.C. § 1930(a)(6) required Chapter 11 debtors to pay quarterly fees to the United States Trustee "until a plan is confirmed or

the case is converted or dismissed, whichever occurs first." Effective January 26, 1996, 28 U.S.C. § 1930(a)(6) was amended by deleting the reference to plan confirmation and now requires the payment of quarterly fees "until the case is converted or dismissed, whichever occurs first." The September 30, 1996 amendment to the statute states as follows:

> Provided further, That, notwithstanding any other provisions of law, the fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, *any cases pending as of that date*), regardless of confirmation status of their plans.

Omnibus Consolidated Appropriations Act, Pub.L. No. 104–208 § 109(d) (1996) (emphasis added).

On November 4, 1996,[1] this Court entered its Order Re: Post–Confirmation Quarterly Fees (Doc. 188) wherein we held that since the Debtors' plan had been confirmed and substantially consummated prior to January 26, 1996, the Debtors were not required to pay quarterly fees subsequent to January 1996, because this would result in an impermissible retroactive application of 28 U.S.C. § 1930(a)(6). In that Order, we specifically did not determine whether full administration of a case, substantial consummation of a plan, or some other "event" would terminate a debtor's duty to pay quarterly fees.

In his motion to reconsider, the United States Trustee contends that the September 30, 1996 amendment to 28 U.S.C. § 1930(a)(6) requires that quarterly fees be paid an all pending cases; that a case is pending until it is closed; therefore, that quarterly fees must be paid until a case is closed.

Because the September 30, 1996 amendment states that the January 1996 amendment is applicable to *any cases pending as of January 26, 1996*, we agree with the United States Trustee that the September 1996 amendment clarifies that cases with confirmed plans as of January 26, 1996 are subject to 28 U.S.C. § 1930(a)(6) as amended

---

1. As of November 4, 1996, the parties had not brought the September 30, 1996 amendment to the Court's attention.

in January 1996. The obvious purpose of the September 1996 amendment was to address the retroactivity aspect of the January 1996 amendment.[2] The September 1996 amendment does not, however, cure the nonsensical nature of the amended statute that quarterly fees are to be paid until the end of time nor does it provide further insight into what time references or internal events in the bankruptcy indicate that fee assessment is appropriate. Hence, we are still left to decide what should be the point of termination for the payment of quarterly fees.[3]

■ This Court still takes the position that closing a case is not an appropriate determinant for the termination of quarterly fees. As discussed in our November 4, 1996 Order, the entry of a final decree closing a case rarely coincides with the point in time when the case is fully administered. This is often due to the inability of Court staff to prepare the necessary internal paperwork which must accompany the final decree when the Court's docket is busy. The entry of a final decree is an administrative step and does not adjudicate any right between any parties. Closure is not final; a closed case may be reopened to administer assets, to accord relief to the debtor, or for other cause. *See* 11 U.S.C. § 350(b). Also, a closed case may be reopened to revoke a confirmation order procured by fraud. *See* Bankruptcy Rule 3022, Advisory Committee note to 1991 amendment. Thus, contrary to the United States Trustee's contention, dismissal or conversion is possible, albeit rare, even after a case has been closed. In addition, the existence of one relatively minor contested matter or adversary proceeding could prohibit the entry of a final decree for years. Furthermore, payments to creditors may be made *after* the entry of a final decree. This cuts against the United States Trustee's argument that the need to monitor payments to creditors after confirmation justifies the quarterly fee.

This Court is also concerned about the possible over-reaching by the United State Trustee with regard to quarterly fees as evidenced in a recent decision from the Bankruptcy Court for the Eastern District of Arkansas. *In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. 522 (Bankr.E.D.Ark.1996) involved a case originally closed on April 18, 1994, which was reopened at the debtor's request for the purpose of filing an adversary proceeding for the determination of a discharge injunction. On November 20, 1996, four days after reopening the case, the bankruptcy court suspended the adversary proceeding pending certain state court litigation. The United States Trustee requested payment of quarterly fees in light of the January 1996 amendment. Recognizing that the United States Trustee was not administering anything under these circumstances, the court ordered the case closed as of November 20, 1996. 201 B.R. at 526.

■ As the *In re Jr. Food Mart of Arkansas, Inc.* Court believed and as this Court stated in its November 4, 1996 Order, administrative fees paid by a party should bear some relationship to the administration of the case. The January 26, 1996 amendment to 28 U.S.C. § 1930(a)(6) was intended to collect additional money to support the self-funded administration of bankruptcy cases by the United States Trustee. Hence, debtors should cease paying quarterly fees when the United States Trustee's services are no longer meaningful.[4] This will not be a bright line test. Courts may receive guidance, however, from the express list of the United States Trustee's duties in Chapter 11 cases as set forth in 28 U.S.C. § 586(a)(3). Specifically, the United States Trustee is required to review fee applications and applications to employ professional persons, *see* § 586(a)(3)(A) and (H); to monitor plans and disclosure statements, *see* § 586(a)(3)(B); to

---

2. Prior to September 30, 1996, several courts had refused to apply the amended statute to cases which involved debtors with previously confirmed plans on the rationale that the amended statute worked an "impermissible retroactive application." *E.g., In re CF & I Fabricators of Utah, Inc.*, 199 B.R. 986 (Bankr.D.Utah 1996).

3. Since not all chapter 11 cases are dismissed or converted, the amended statute does not provide for an end point for the payment of quarterly fees in the majority of chapter 11 cases.

4. Otherwise, debtors (by definition already in dire monetary straits) will be forced to fund a select governmental program for which they or their creditors receive no benefit.

ensure that all reports, schedules, and fees are paid, *see* § 586(a)(3)(D); to monitor appointed creditors' committees, *see* § 586(a)(3)(E); to notify the United States attorney of federal crimes, *see* § 583(a)(3)(F); and to monitor the progress of cases and prevent undue delay in such progress, *see* § 583(a)(3)(G). As is evident from this list, in some cases, the point in time when the United States Trustee's duties will no longer be meaningful may coincide with the full administration of the case. In other cases, the United States Trustee's duties will no longer be meaningful at some point prior to the full administration of the case.

The adoption of this cut-off for quarterly fees should not breed any more motion practice than has the January 1996 amendment. Since the January 1996 amendment, this Court has seen an increase in the filing of motions for final decrees closing cases, not for the purpose of closing cases, but for the purpose of eliminating the payment of quarterly fees. At least one of these motions was filed prematurely. Using the need for the United States Trustee's meaningful services as the standard for determining the continuing payment of quarterly fees should avoid the premature closing of cases. This standard should result in the prompt administration of cases by debtors. It should also enhance the United States Trustee's Office's accountability for its services as well as for its quarterly fees.

■ In the present case, the Debtors recited in their motion for final decree closing the case several factors indicating that the case had been fully administered. (Doc. 182); *see* Bankruptcy Rule 3022, Advisory Committee note to 1991 amendment. The United States Trustee did not dispute that the case had been fully administered and, on October 7, 1996, a Final Decree closing the case was entered as of September 18, 1996, reserving the Court's jurisdiction to determine the issue of the payment of quarterly fees from January 26, 1996 to September 18, 1996. (Doc. 187). Despite two hearings and several pleadings filed by the United States Trustee, there has been no showing that there were meaningful services rendered by the United States Trustee relative to the administration of this case in this time period.

Accordingly, we hold that the Debtors are not required to pay post-confirmation quarterly fees.

IT IS SO ORDERED.