**In re 1095 COMMONWEALTH AVENUE CORP., Debtor.**

**In re Bahig BESHAY, Debtor.**

**Bankruptcy Nos. 95–15015–CJK, 95–16331.**

United States Bankruptcy Court, D. Massachusetts.

Oct. 23, 1997.

Donald F. Farrell, Jr., Boston, MA, for Bahig F. Bishay.

Edward T. Robinson, Wellesley, MA, for 1095 Commonwealth Ave. Corp.

Eric K. Bradford, Boston, MA, for U.S. Trustee.

### *MEMORANDUM OF DECISION ON MOTION FOR ORDER REGARDING U.S. TRUSTEE FEES*

CAROL J. KENNER, Chief Judge.

The Debtors have moved for an order that no further quarterly fees of the United States Trustee shall accrue or be payable by the estates in these cases on and after September 30, 1997. In support of their motion, they state that, but for certain pending appeals to which the United States Trustee is not a party, these estates have been fully administered. Only the appeals prevent the cases from being closed. Under these circumstances, the Debtors contend, the continued accrual of quarterly fees would be highly inequitable. The United States Trustee opposes the motion, stating that accrual and payment of quarterly fees is mandated by statute, 28 U.S.C. § 1930(a)(6),[1] and is not subject to judicial limitation or modification.

---

1. In relevant part, section 1930(a)(6) provides:
   (a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees: . . .
   (6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Trea-

The Debtors do not state the amount of their quarterly fees and do not contend that they cannot afford them. The United States Trustee informs the Court that the Debtors are together incurring total fees of $4,000 per quarter.

■ I am not unsympathetic to the Debtors: a quarterly fee of $4,000 effectively imposes a substantial cost on the exercise of their appellate rights. Nonetheless, I must deny the motion. As the Trustee argues, § 1930(a)(6) mandates payment of the fee in each quarter until the Court converts or dismisses a case or, after confirmation in a Chapter 11 case, enters the final decree, an order declaring the case fully administered and ordering that it be closed. *In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524–525 n. 2 (Bankr.E.D.Ark.1996) (in a Chapter 11 cases that is neither converted nor dismissed, § 1930(a)(6) should be construed to terminate the quarterly fee upon entry of the final decree). The statutory language is mandatory ("a quarterly fee *shall* be paid") and does not permit judicial modification of the fee obligation. 28 U.S.C. § 1930(a)(6).

■ Citing *In re Jr. Food Mart of Arkansas, Inc., supra*, the Debtors note that "precedent exists for the closing of cases by the Bankruptcy Court with the express reservation of jurisdiction regarding a pending appeal." However, the Debtors do not expressly ask for an order closing the case; therefore, the matter is not properly before the Court. And, in any case, the case cannot be closed while the appeals remain pending.

In *Food Mart* the debtor had reopened a confirmed and closed Chapter 11 case to file an adversary proceeding through which he sought to redress a violation of the discharge injunction. The court suspended the adversary proceeding pending resolution of other litigation in state court. To avoid accrual of the U.S.Trustee's quarterly fee during this period when the only pending matter in the case was the suspended adversary proceeding, the bankruptcy court closed the case but left open the adversary proceeding.

*Food Mart* does indeed stand for the proposition that a bankruptcy court can close a case without resolving and terminating jurisdiction over an open adversary proceeding. I need not decide whether I would follow this proposition because the circumstances of this case differ materially from those in *Food Mart* in two respects. First, the *Food Mart* court was dealing with a reopened case: the case had been fully administered, the Court had entered a final decree, and the case had been closed. Upon entry of the final decree, the quarterly fee obligation terminated; and it is not at all clear that the reopening of the case reinstated that obligation. In this case, no final decree has ever entered.

Second, the open matter in Foodmart had been indefinitely suspended. Consequently, there was no activity in the case. The court could as easily have dismissed the adversary proceeding without prejudice to refiling after resolution of the state court matters. The same is not true here. The pending appeals have not been suspended but are being actively litigated.

The Court cannot enter a final decree before the appeals are resolved. A final decree may enter only when a case is "fully administered." 11 U.S.C. § 350(a);[2] F.R.Bankr.P. 3022.[3] The 1991 Advisory Committee Note to Rule 3022 indicates that, in determining whether a case is fully administered, the Court should consider, among other factors, "whether all motions, contested matters, and adversary proceedings have been finally resolved." The pending appeals represent contested matters that have not been finally resolved. Therefore, the case is not fully administered; and until it is, § 1930(a)(6)

sury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first.

**2.** Section 350(a) provides:
(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

**3.** Rule 3022 provides:

After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

mandates payment of the quarterly fee.[4] Accordingly, a separate order will enter denying the motion.

### ORDER ON MOTION FOR ORDER REGARDING U.S. TRUSTEE FEES

For the reasons set forth in the separate memorandum of decision issued today, the Debtors' Motion for Entry of Order Regarding U.S. Trustee's Fees is hereby DENIED.

---

4. I express no opinion as to the appropriate amount of the fee.