In re: **TARA HILLS, INC.**

No. 06–15240.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2007.*

Filed May 1, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Duane L. Tucker, Esq., Hayward, CA, for Appellant.

Edward D. Jellen, Oakland, CA, pro se.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Debtor, Tara Hills, Inc., appeals the district court's decision affirming the bankruptcy court's refusal to reopen a bankruptcy petition to permit an adversary proceeding against a creditor for an alleged violation of the automatic stay. We affirm.

### DISCUSSION

The debtor contends it did not receive adequate notice of the creditor's request or the bankruptcy court's grant of relief from the automatic stay provisions of 11 U.S.C. § 362(a)—relief that permitted the creditor to foreclose on the debtor's property.

** This disposition is not appropriate for publication and is not precedent except as provid-

The bankruptcy court sought to cure these notice deficiencies by retroactively annulling the automatic stay to the filing date of the debtor's petition—a petition the court determined was filed in bad faith.

Bankruptcy courts clearly have the authority to annul retroactively the automatic stay. *See In re National Environ. Waste Corp.,* 129 F.3d 1052,1054 (9th Cir. 1997); *In re Kissinger,* 72 F.3d 107, 109 (9th Cir.1995); *In re Schwartz,* 954 F.2d 569, 572–73 (9th Cir.1992). The debtor contends, however, the court erred by doing so without notice and hearing. We disagree. The court entered its order sua sponte "to eliminate any vestiges of the abuse of process" committed by the debtor's filing of a bad faith petition. Bankruptcy courts are statutorily authorized to issue orders sua sponte "to prevent an abuse of process." *See* 11 U.S.C. § 105(a).

Moreover, we conclude the bankruptcy court's order rendered harmless any notice deficiencies by the creditor or the court when it lifted the stay to permit the sale of the debtor's property. *See Preblich v. Battley,* 181 F.3d 1048, 1051 (9th Cir.1999) (noting the failure to give a debtor proper notice may be harmless). As the district court reasoned, any due process violation was harmless because the retroactive annulment of the stay rendered the creditor's motion for relief from the stay moot. *See Schwartz,* 954 F.2d at 573 (noting there is no violation of the automatic stay if the creditor obtains retroactive relief).

**AFFIRMED.**