*499 MEMORANDUM **
John Matthew Ellis appealed the decision of the bankruptcy court which annulled retroactively the automatic stay that sprung into existence when Ellis filed for bankruptcy. Annulment of the stay was necessary to validate the sale to Khusrow Roohani that had taken place while the stay was in effect and permit Roohani to seek relief from a decision of a Nevada state court, which in reliance on the automatic stay had voided the sale. The bankruptcy court considered Ninth Circuit authority authorizing retroactive annulment of the automatic stay, National Environmental Waste Corp. v. City of Riverside (In re National Environmental Waste Corp.), 129 F.3d 1052 (9th cir.1997); Mataya v. Kissinger (In re Kissinger), 72 F.3d 107 (9th cir.1995), and applied the test for retroactive annulment found in National Environmental Waste Corp. The bankruptcy court annulled the stay and validated the sale to Roohani.
Ellis appealed to the Bankruptcy Appellate Panel but did not seek a stay of the order annulling the stay. In reliance on that order, Roohani went back to Nevada state court, obtained a judgment in his favor quieting title to the property in him, and thereafter sold the property to a bona fide purchaser for value. The Bankruptcy Appellate Panel concluded that Ellis’ failure to obtain a stay of the bankruptcy court’s order annulling the stay permitted the Nevada court to quiet title in Roohani, paving the way for his sale to a bona fide purchaser. It concluded that the Nevada court judgment was entitled to full faith and credit, precluding federal courts from granting Ellis relief. Consequently, in reliance upon authority of this Court, the BAP dismissed Ellis’ appeal as moot. Ellis has renewed his appeal in this Court. We have jurisdiction under 28 U.S.C. § 158(d).
We have carefully reviewed the record and agree with the BAP. We therefore affirm its decision to dismiss the appeal for lack of jurisdiction. Paulman v. Gateway Venture Partners III, L.P. (In re Filter-corp, Inc.), 163 F.3d 570 (9th cir,1998)(discussing mootness doctrine); Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170 (9th cir.1988)(same).
Ellis conceded during oral argument that Roohani’s sale of the subject property to a bona fide purchaser in reliance on the bankruptcy court’s annulling of the stay and the Nevada state court decision quieting title in Roohani effectively puts the subject property beyond the power of this Court, rendering any claim that he might have to the property moot. A review of the record indicates that in the bankruptcy court, the BAP and in this Court, Ellis’ briefing has been directed solely towards recovery of the property.
While it is true that Ellis mentioned during oral argument and listed as his first point on appeal in this Court: “A. The Bankruptcy Court Erred in Faffing to Award Debtor All of His Actual Damages Incurred, As a Result of the Receiver’s Willful Violation of the Automatic Stay,” he doesn’t discuss a right to damages or identify a potential source of damages in the body of his brief.[1] That issue has *500 therefore been waived. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir.2001) (stating that “issues which are not specifically and distinctly argued and raised in a party’s opening brief are waived”) (citation omitted). More specifically, Ellis has not briefed a right to damages against Roohani on the theory that his purchase of the property the day before Ellis’ bankruptcy was dismissed and before the stay was vacated caused Ellis any harm. Although Ellis now complains of the loss of a right to seek damages for violation of the automatic stay after it is annulled, he never brought such an action during the years prior to the annulment.[2] In short, we see the mention of compensatory damages as an afterthought and are not persuaded that Ellis has adequately raised the issue of compensatory damages against Roohani as an independent reason why the Bankruptcy Appellate Panel’s decision should be reversed.
AFFIRMED.[3]

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In fact, although the heading referring to damages was listed in the Table of Contents, it was not the heading used in the body of the brief.

. There is nothing in the record that indicates Ellis has raised the issue of a right to damages for violation of the automatic stay in either the bankruptcy court or before the BAP.

. We note that Roohani is the only defendant in the present action, so the possibility that Ellis might have (or have had) an action for damages against some other party for violation of the stay is not pertinent to our resolution of the mootness question.