OPINION
 

 RAWLINSON, Circuit Judge.
 

 In this case we AFFIRM the district court’s holding that a bankruptcy petition filed in violation of a court-imposed 180-day bar is properly excluded from the automatic stay provisions of the bankruptcy code.
 

 I. FACTS/PROCEDURAL HISTORY
 

 Appellant Rene Umali failed to pay approximately $1.2 million in taxes accumulated since 1987 on a 166-unit motel property in Arizona. Maricopa County levied tax certificates of purchase against the motel, and Appellees Chandulal and Hem-latabin Dhanani (collectively, “the Dhanan-is”) acquired these tax certificates from the Maricopa County Treasurer, thereby becoming lienholders against the property.
 
 *821
 
 The Dhananis instituted a foreclosure action in Maricopa County Superior Court against the property in April of 2000. Umali responded by filing a Chapter 13 bankruptcy petition in the Central District of California. This petition was subsequently dismissed because Umali failed to present a reorganization plan.
 

 Umali filed a second Chapter 13 bankruptcy petition in the Central District of California in August of 2000 (“Second Petition”). After concluding that Umali was ineligible to file a Chapter 13 petition, the bankruptcy court gave Umali two days to convert the action to one under Chapter 11. Following Umali’s failure to do so, the bankruptcy court dismissed the Second Petition in an order dated October 17, 2000. The dismissal order, drafted by counsel for the Dhananis, contained “a one-hundred eighty day prohibition against the refiling of another case by [Umali] under any chapter.” Umali did not object to the order before it was signed. Rather, after the bankruptcy court entered the order, Umali filed a motion to reconsider the 180-day filing prohibition.
 

 The motion for reconsideration was granted on November 15, 2000, and the order dismissing the Second Petition was amended to remove the 180-day prohibition. The California bankruptcy court order stated:
 

 Although the Dhananis’ motion [to dismiss] argued,
 
 inter alia,
 
 that the case should be dismissed with a 180 day bar due to debtor’s bad faith, I determined that the case should be dismissed because the debtor was not eligible to file a chapter 13 case.... [T]he movants filed the Order Dismissing the Case with an 180 Day Bar. Rather than objecting to the proposed order prior to it being signed, [Umali] waited to file the motion [to reconsider] before the Court.... Although I am sorely tempted to deny the motion, I will, nevertheless, grant the motion and modify the dismissal order by removing the 180 day bar. (second alteration in the original)
 

 Prior to the California bankruptcy court entering its modified order, the Maricopa County Superior Court scheduled a hearing on the pending foreclosure action. Less than thirty minutes before the foreclosure hearing was to begin, Debtor filed,
 
 pro se,
 
 a third Chapter Thirteen bankruptcy petition in the District of Arizona (Arizona bankruptcy petition). Uma-li informed neither his counsel nor the Maricopa County Superior Court of the Arizona bankruptcy filing. Having no knowledge of the bankruptcy petition, the Maricopa County Superior Court entered judgment foreclosing Umali’s interest in the property.
 

 Upon becoming aware that Umali had filed a third Chapter 13 petition, the Dhan-anis filed a motion with the Bankruptcy Court in the District of Arizona seeking retroactive annulment of the automatic stay, which was still in effect. The Dhan-anis contended that the California bankruptcy court’s subsequent removal of the 180 day bar could not operate retroactively to validate the petition and effect a stay.
 

 The Arizona bankruptcy court initially denied the Dhananis’ motion to retroactively annul the automatic stay. The Dhananis appealed to the United States District Court for the District of Arizona, which vacated and remanded the bankruptcy court’s decision. The district court held that filing of the Arizona bankruptcy petition was ineffective and, thus, did not invoke the automatic stay provision of 11 U.S.C. § 362, because Umali filed the petition in violation of a court order. The district court also ruled that the California bankruptcy court’s later modification of its order did not apply retroactively so as to “cure” Umali’s violation of the court order
 
 *822
 
 as it existed at the time Umali filed the Arizona bankruptcy petition. Umali filed a motion for rehearing with the district court, which was denied. Umali filed a timely appeal.
 

 During the pendency of the Dhananis’ district court appeal of the Arizona bankruptcy court’s order denying retroactive annulment of the automatic stay, the Arizona bankruptcy court held a hearing on the Dhananis’ motion for relief from the automatic stay. The bankruptcy court annulled the automatic stay for six reasons:
 

 1) the existence of the Dhananis’ tax liens;
 

 2) property value of less than the $1.2 million dollars owed in back taxes, with;
 

 3) Umali, therefore, having no equity in the property;
 

 4) the number of bankruptcy petitions filed by Umali;
 

 5) irrelevance of the property to Umali’s effective reorganization; and
 

 6) Umali’s failure to maintain insurance on the property.
 

 Umali filed a motion for reconsideration of the bankruptcy court’s order, arguing that the court abused its discretion when it retroactively annulled the automatic stay. The bankruptcy court denied Umali’s motion. Umali appealed the bankruptcy court’s order to the district court, which affirmed the bankruptcy court’s ruling. Umali timely appealed the district court’s ruling to this Court, and the appeals were consolidated for argument.
 
 [1]
 

 II. DISCUSSION
 

 A. Standards of Review
 

 This Court “stand[s] in the same position as did the district court in reviewing the bankruptcy court’s order[s].”
 
 United States v. Wyle (In re Pac. Far E. Lines, Inc.),
 
 889 F.2d 242, 244 (9th Cir.1989) (citations omitted). A bankruptcy court’s conclusions of law are reviewed
 
 de novo,
 
 “and its factual findings for clear error.”
 
 Id.
 
 at 245 (citations omitted). A bankruptcy court’s decision to retroactively lift the automatic stay is reviewed for an abuse of discretion.
 
 Nat’l Envtl. Waste Corp. v. City of Riverside (In re Nat’l Envtl. Waste Corp.),
 
 129 F.3d 1052, 1054 (9th Cir.1997).
 

 B. Reconsideration of the 180-Day Filing Bar
 

 Umali asserts that his Chapter Thirteen petition should not be deemed in violation of the California court’s 180-day bar because the court ultimately reconsidered its order imposing that bar. According to Umali, the 180 day bar should have no effect because it was subsequently modified by the court. We reject this contention.
 

 The California court’s subsequent modification of its order does not alter the fact that Umali filed his petition in violation of a court order that was in effect at the time. Further, the California court’s subsequent modification of its order removing the 180 day bar could not operate in
 
 nunc pro tunc
 
 fashion to divest the Dhananis of their rights to the property in Arizona. In
 
 In re Pacific Far East Lines, Inc.,
 
 889 F.2d at 247, we held that a “bankruptcy court’s equitable power to revise its judgments” must be exercised “before rights have vested on the faith of its action.” (citations omitted).
 
 “Nunc pro tunc
 
 amendments are permitted primarily
 
 *823
 
 so that errors in the record may be corrected. The power to amend
 
 nunc pro tunc
 
 is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice.! ] It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose.”
 
 United States v. Sumner,
 
 226 F.3d 1005, 1009-10 (9th Cir.2000) (internal citations and quotation marks omitted).
 

 By the time the California court modified its order, Umali’s rights under Arizona law to redeem the property had expired.
 
 Nunc pro tunc
 
 application of the California court’s modified order would im-permissibly serve to reinstate Umali’s redemption rights in derogation of Arizona law, and divest the Dhananis of their vested rights in a manner contrary to our precedent, a result we cannot condone.
 
 See In re Pac. Far E. Lines, Inc.,
 
 889 F.2d at 247.
 

 C. Triggering of the Automatic Stag Provision
 

 The district court found that the Arizona bankruptcy petition did not trigger the automatic stay provision of 11 U.S.C. § 362 because the previously-imposed 180-day bar rendered Umali an “ineligible” debtor during that time period. We agree and hold that a petition filed in contravention of a court imposed bar is without effect.
 
 See Casse v. Key Bank Nat’l Ass’n (In re Casse),
 
 198 F.3d 327, 342 (2d Cir.1999).
 

 In
 
 In re Casse,
 
 the Second Circuit held that the bankruptcy court did not abuse its discretion when it denied the debtor’s motion to set aside a mortgage foreclosure sale.
 
 Id.
 
 In so concluding, the Second Circuit held that, in light of a prior order dismissing the debtor’s Chapter 11 case with prejudice, the bankruptcy court was justified in treating the debtor’s subsequent Chapter 13 filing as void
 
 ab initio,
 
 thereby nullifying the automatic stay upon which the debtor relied to vacate the foreclosure.
 
 Id.
 
 at 331, 342.
 

 We likewise conclude that the district court did not err in determining that Uma-li’s filing of the Arizona bankruptcy petition failed to trigger the automatic stay provisions of the bankruptcy code, because the Arizona petition was filed in violation of the 180-day bar against refiling in effect. Although it is true that the 180-day bar was eventually lifted by the California bankruptcy court, Umali filed the Arizona petition
 
 knowing
 
 that the bar had not yet been lifted. We do not countenance blatant disregard of court orders.
 

 That Umali ultimately received a favorable resolution on this issue before the California court does not expunge his violation of the order.
 

 D. Retroactive Annulment of the Automatic Stay
 

 In determining whether the Arizona bankruptcy court abused its discretion when it retroactively annulled the automatic stay, we look to the court’s balancing of the equities.
 
 See In re Nat’l Envtl. Waste Corp.,
 
 129 F.3d at 1055.
 

 In this case, the bankruptcy court weighed the following six facts: (1) the tax liens owned by the Dhananis; (2) the existence of $1.2 million dollars in unpaid property taxes, and the corresponding lessened value of the property; (3) Umali’s lack of equity in the property; (4) the numerous bankruptcy petitions filed by Umali; (5) the property’s irrelevance to effective reorganization of the bankruptcy estate; and (6) the uninsured status of the property was not insured.
 

 On balance, we cannot say that the bankruptcy court abused its discretion in
 
 *824
 
 finding that the equities favored the Dhan-anis.
 
 See id.
 

 III. CONCLUSION
 

 The Arizona bankruptcy petition did not trigger the automatic stay provision of 11 U.S.C. § 362, because Umali filed it in violation of an extant court order. The California court’s modification of its prior order was not effective
 
 nunc pro tunc,
 
 and the bankruptcy court did not abuse its discretion in retroactively lifting the stay. The district court’s decision is
 

 AFFIRMED.
 

 “extreme cruelty in the United States” was nondiscretionary decision, which Court of Appeals had jurisdiction to review; (2) conduct on part of alien’s physically abusive spouse, after alien had fled to home of her sister in the United States, in repeatedly calling sister’s home and, through his false promises and short-lived contrition, in luring alien from safety of the United States back to his home in Mexico, qualified as acts of “extreme cruelty in the United States,” such as might provide basis for suspension of deportation; (3) possession of allocated visa number is not requirement for eligibility for adjustment of status; and (4) nonviability of alien’s marriage at time of adjustment was impermissible basis for denying application for adjustment of status.
 

 [1]
 

 . Umali asserted other arguments on appeal, which we have addressed in a separately-filed Memorandum Disposition.