ORDER*
We affirm the decision below to retroactively annul the automatic stay in Cadiz’s Chapter 13 bankruptcy proceedings. The bankruptcy court had jurisdiction to reopen the proceedings and consider the motion to retroactively annul the stay because the court was not granting new relief, but rather was simply interpreting and effectuating its prior order. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80, 114 S.Ct. 1673, 128 L.Ed.2d *655 391 (1994); see also In re Taylor, 884 F.2d 478, 481 (9th Cir.1989).
The bankruptcy court did not abuse its discretion in retroactively annulling the stay. See In re Nat’l Envtl. Waste Corp., 129 F.3d 1052, 1055 (9th Cir.1997). The Bank of New York did not know of Cadiz’s bankruptcy filing at the time of the foreclosure hearing, and her multiple bankruptcy filings indicate inequitable conduct on her part. Id.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.