MEMORANDUM **
Roy Olson appeals pro se from the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court’s order granting appellees retroactive relief from the automatic stay in order to validate a state court judgment entered after the bankruptcy filing. We have jurisdiction under 28 U.S.C. § 158(d). We review the *642 decision to retroactively lift the stay for an abuse of discretion, National Envtl. Waste Corp. v. City of Riverside (In re National Envtl. Waste Corp.), 129 F.3d 1052, 1054 (9th Cir.1997), and we affirm.
The bankruptcy court did not abuse its discretion in granting retroactive relief under 11 U.S.C. § 362(d), based on factual findings that appellees were not aware of the bankruptcy petition when they filed for judgment in state court and that Olson filed his bankruptcy petition in bad faith. See id. at 1055 (explaining that relief under § 362(d) is not an abuse of discretion where bankruptcy court properly weighs the equities, including the creditor’s knowledge of the bankruptcy and the debtor’s conduct in bringing the bankruptcy proceedings).
The bankruptcy court did not clearly err in determining that appellees were not aware of the bankruptcy petition when they filed for judgment, despite Olson’s testimony to the contrary, because the finding is supported by witness testimony and undisputed evidence that notice of the bankruptcy was mailed to appellees on the same day they filed for judgment. See Rifino v. United States (In re Rifino), 245 F.3d 1083, 1086-87 (9th Cir.2001) (reviewing the bankruptcy court’s factual findings for clear error and stating “[wjhere there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous” (internal citation and quotation marks omitted)).
Contrary to his contention on appeal, Olson could not have used a witness’s indictment for bankruptcy fraud as impeachment evidence because Fed.R.Evid. 609(a) only permits evidence that a witness “has been convicted of a crime.”
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.