FILED

FEB 19 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-14-1188-TaDPa |
| | ) | |
| JAMSHID SAZEGAR, | ) | Bk. No. 10-59816 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| JAMSHID SAZEGAR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| BEHDAD JADIDOLAHI, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on January 22, 2015
at Pasadena, California

Filed – February 19, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia Wagner Brand, Bankruptcy Judge, Presiding

_____

Appearances:  Jonathan Malek of Anaya Law Group argued for
appellee Behdad Jadidolahi.

_____

Before:  TAYLOR, DUNN, and PAPPAS, Bankruptcy Judges.

[*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

1

Debtor Jamshid Sazegar appeals from the bankruptcy court's order granting appellee Behdad Jadidolahi's motion seeking annulment of the automatic stay under § 362(d)(1).[1]  We AFFIRM.

**FACTS**

The Debtor and his non-debtor wife (jointly referred to hereafter as the "Sazegars") owned real property located in Beverly Hills, California (the "Property").  The Sazegars defaulted on obligations secured by the Property, and the senior lender initiated foreclosure.  With foreclosure pending, they contracted with a real estate broker to sell the Property. Discussions in October 2010 regarding sale of the Property to Jadidolahi followed.

On October 25, 2010, the Sazegars signed and notarized a grant deed transferring their interest in the Property to Jadidolahi.  Jadidolahi, in turn, made a $98,190.86 payment directly to the foreclosing lender on November 18, 2010.  Eleven days later, on November 29, 2010, he recorded the grant deed.

The parties vehemently dispute the circumstances surrounding the grant deed and sale of the Property.  The Debtor claims, among other things, that he was unaware that an escrow account for the sale was opened and that the broker delivered the executed grant deed to Jadidolahi without the Sazegars' knowledge or permission.  Conversely, Jadidolahi contends that the Sazegars agreed to the sale, that, in exchange, he agreed to make a

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

payment to the senior lender, and that he properly recorded the grant deed and moved into the Property. The Debtor eventually commenced litigation against Jadidolahi in state court seeking resolution of the dispute and recovery of title to the Property.

But before taking the dispute into state court litigation, the Debtor filed a barebones chapter 13 petition;[2] he did so the day after Jadidolahi's payment to the first trust deed holder but ten days before Jadidolahi recorded the grant deed. The Debtor's participation in his chapter 13 case was lackadaisical; he never filed schedules, a statement of financial affairs, or a plan. Further, the creditor matrix that he did file listed only himself and two trust deed holders; it omitted Jadidolahi. Finally, he failed to appear at his § 341(a) meeting of creditors, and the bankruptcy court dismissed the chapter 13 case in January 2011. Prior to dismissal, the Debtor did not file a notice of his bankruptcy in the state court action.

Two years passed, and the state court action proceeded. Then, in October 2012, the Debtor reopened his chapter 13 case. After re-opening, nothing happened except that the Debtor, for the first time, filed a notice of bankruptcy stay in the state court action. Jadidolahi subsequently filed a notice of appearance and request for notice in the chapter 13 case.

Almost a year later, the Debtor filed a chapter 11 case and an adversary proceeding against Jadidolahi therein based on the

[2] We exercise our discretion to take judicial notice of documents electronically filed in the Debtor's two bankruptcy cases and adversary proceeding as necessary. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

3

allegation that Jadidolahi recorded the grant deed in violation of the automatic stay in the prior chapter 13 case. Jadidolahi counterclaimed and, in the chapter 13 case, also moved to annul the automatic stay so as to validate recordation of the grant deed. The Debtor timely opposed, arguing that the stay relief motion was procedurally deficient and that the equities did not weigh in favor of annulment.

After a hearing, the bankruptcy court granted Jadidolahi's motion and annulled the stay. It found that Jadidolahi recorded the grant deed in good faith and without knowledge of the Debtor's chapter 13 filing. And, among other things, it emphasized that the Debtor could and should litigate ownership issues over the Property in the state court.

The Debtor timely appealed.[3]

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court abuse its discretion when it annulled the stay in the Debtor's chapter 13 case?

**STANDARDS OF REVIEW**

Whether the bankruptcy court correctly applied basic rules of procedure presents a question of law that we review de novo.

---

[3] Jadidolahi obtained stay relief in the chapter 11 case to allow the state court case to continue. The Debtor did not appear at the oral argument on appeal, but Jadidolahi's attorney advised the Panel that his client was successful in the state court action.

4

All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 87 (9th Cir. BAP 2007).

The bankruptcy court's decision to annul the automatic stay retroactively is reviewed for an abuse of discretion. Fjeldsted v. Lien (In re Fjeldsted), 293 B.R. 12, 18 (9th Cir. BAP 2003). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**A.    Procedural issues do not require reversal.**

The Debtor first argues that the service of the stay relief motion was procedurally deficient and, thus, that the bankruptcy court erred in granting the motion. We disagree.

The stay relief motion was subject to Rule 9014. See Fed. R. Bankr. P. 4001(a)(1). Rule 9014(b) requires that a motion for stay relief be served as required by Rule 7004. Rule 7004, in turn, allows for service by first class mail.

The record here evidences that Jadidolahi served the stay relief motion on the Debtor, via first class mail, at the Property. But, Jadidolahi obviously was aware that the Debtor no longer lived there based on his own occupancy of the Property. Nonetheless, Jadidolahi complied with the letter of Rule 7004(b)(9), which provides for service upon a debtor at the address listed in the chapter 13 petition. The Debtor initially

5

listed the Property as his address when he filed the chapter 13 petition; he never updated his address.

Of course, the spirit of the rule required alternative service on the Debtor; Jadidolahi had access to the Debtor's more recent address given his knowledge of the Debtor's chapter 11 case. But, even if Jadidolahi also was required to serve the Debtor at his subsequent residence, any error was harmless. Jadidolahi served Debtor's counsel with the stay relief motion as required by Local Bankruptcy Rule 4001-1 (Bankr. C.D. Cal.), and Debtor's counsel filed a timely opposition. The Debtor suffered no prejudice from the allegedly improper service.

We also reject the Debtor's argument that Jadidolahi failed to comply with Rule 7004(b)(3), when he failed to serve a copy of the stay relief motion on an officer or agent of the lenders holding the trust deeds against the Property. The Debtor does not have standing to challenge service in relation to third parties. The Debtor's reliance on Bank of America, N.A. v. LSSR, LLC (In re LSSR, LLC), 2013 WL 2350853, at *3 (9th Cir. BAP May 29, 2013) is, thus, inapposite.

**B.   Annulment of the automatic stay was proper.**

The Debtor next argues that the bankruptcy court abused its discretion when it annulled the stay; in particular, he challenges the bankruptcy court's determination that the equities balanced in favor of annulment. The Debtor notes that Jadidolahi waited almost three years before seeking stay annulment, challenges the finding that Jadidolahi recorded the grant deed in good faith and without knowledge of the chapter 13 case, and questions the effect of the good faith finding on the state court

6

action. On this record, we discern no abuse of discretion.

Acts taken in violation of the automatic stay are void. See Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992). Section 362(d), however, authorizes annulment of the automatic stay in order to validate otherwise void acts. Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola), 328 B.R. 158, 172 (9th Cir. BAP 2005). Determining whether cause exists to annul the stay is a case-by-case inquiry based on a balance of the equities. Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.), 129 F.3d 1052, 1055 (9th Cir. 1997).

In conducting this inquiry, the bankruptcy court, among other factors, properly considers whether the creditor knew about the bankruptcy when violating the stay and whether the debtor's conduct was unreasonable, inequitable, or prejudicial to the creditor. In re Fjeldsted, 293 B.R. at 25 (citing Nat'l Envt'l Waste Corp., 129 F.3d at 1055, and identifying 12 factors a bankruptcy court could consider when conducting the case specific balancing test). The factors identified in Fjeldsted, however, "are merely a framework for analysis and not a scorecard;" thus, "[i]n any given case, one factor may so outweigh the others as to be dispositive." Id.

Here, the record reflects that the bankruptcy court considered various Fjeldsted factors: (1) the Debtor's implicit lack of good faith in the chapter 13 case based on his minimal efforts to fulfill debtor duties; (2) Jadidolahi's lack of knowledge of the chapter 13 case; (3) the promotion of judicial economy and efficiency by requiring that the Debtor pursue

7

Property ownership issues in the long pending state court action; (4) the Debtor's actions that contributed heavily to Jadidolahi's delay in seeking stay annulment; and (5) implicitly, the relative impact of annulment on the parties and the negligible risk of irreparable injury given that the state court could decide the issue of Jadidolahi's right to file the grant deed absent the automatic stay. The record does not evidence Fjeldsted factors favorable to the Debtor that arose under these facts and required consideration. We, thus, conclude that the bankruptcy court appropriately and sufficiently conducted the required case specific balancing test.

Nor has the Debtor shown that the bankruptcy court erred in its factual determinations. The bankruptcy court found that Jadidolahi recorded the grant deed without knowledge of the chapter 13 case. This finding is not clearly erroneous. Contrary to the Debtor's argument, nothing in the record supports a contrary conclusion. Jadidolahi attested by declaration that he first learned of the chapter 13 filing on December 6, 2012, when, as the state court docket confirms, the Debtor first filed a Notice of Bankruptcy Stay in the state court action. In the chapter 13 case, the Debtor neither scheduled Jadidolahi as a creditor nor included him in the creditor mailing matrix. Any chapter 13 notices sent to the Property arrived after Jadidolahi recorded the grant deed and were addressed to the Debtor.

The bankruptcy court's finding that Jadidolahi recorded the grant deed in good faith arises in concert with the narrow finding that Jadidolahi recorded the grant deed without knowledge of the chapter 13 case. It was unnecessary for the bankruptcy

8

court to reach the issues pending before the state court, and the record reflects that it did not do so. The bankruptcy court did not err in finding that Jadidolahi acted in good faith as his stay violation was unintentional.

The bankruptcy court also appropriately declined to assign significant weight to the Debtor's argument that Jadidolahi improperly delayed before seeking to annul the stay. The Debtor caused most of the delay.

As stated, the record also shows that the bankruptcy court implicitly considered the Debtor's overall lack of good faith. Given the Debtor's minimal efforts to advance his chapter 13 case, the bankruptcy court did not err in this determination.

Finally, the bankruptcy court did not err in implicitly determining that stay relief promoted judicial economy and efficiency and did not harm the Debtor; the Debtor commenced the state court action in order to litigate ownership issues related to the Property, and the state court was the appropriate forum to continue litigation of such issues. Annulment merely re-established the status quo as understood by the parties and the state court during over two years of prior litigation.

**CONCLUSION**

Based on the foregoing, we AFFIRM.