
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JUAN CARLOS ZAPATA and PATRICIA ULTRERAS, <br><br> Debtors, <br><br> ———————————————— <br><br> JUAN CARLOS ZAPATA; PATRICIA ULTRERAS, <br><br> Appellants, <br><br> v. <br><br> UNITED STATES TRUSTEE, <br><br> Appellee. | No. 12-60081 <br><br> BAP No. 11-1184 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kirscher, and Novack, Bankruptcy Judges, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Juan Carlos Zapata and Patricia Ultreras ("Debtors") appeal pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order dismissing their Chapter 13 petition. We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Debtors' Chapter 13 petition because Debtors failed to demonstrate that they attended the § 341(a) creditors meeting, and failed to commence making timely payments. *See* 11 U.S.C. § 343 ("The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title."); *id.* § 1326(a)(1) ("[D]ebtor shall commence making payments not later than 30 days after the date of the filing of the plan . . . ."); *id.* § 1307(c)(4) (a bankruptcy court may dismiss a case for "failure to commence making timely payments"); *Bernard v. Coyne* (*In re Bernard*), 40 F.3d 1028, 1030 n.1 (9th Cir. 1994) ("[An] [u]nexcused failure to attend a 341(a) meeting can . . . result in sanctions, such as dismissal of the petition . . . ." (internal citation omitted)).

The bankruptcy court did not abuse its discretion in denying reconsideration of the dismissal order because Debtors failed to demonstrate any basis for relief.

*See* Fed. R. Bankr. P. 9023 (making Federal Rule of Civil Procedure 59 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59).

Debtors' contentions that they did not receive the required notice and hearing prior to dismissal, and regarding recusal of the bankruptcy judge and removal of the trustee, are unpersuasive.

We do not consider Debtors' arguments regarding the bankruptcy court's order granting relief from the stay to Aurora Loan Services LLC because Debtors failed to file a timely notice of appeal from the bankruptcy court's order. *See* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."); *In re Nat'l Envtl. Waste Corp. v. City of Riverside* (*In re Nat'l Envtl. Waste Corp.*), 129 F.3d 1052, 1054 (9th Cir. 1997) ("Orders granting or denying relief from the automatic stay are deemed to be final orders.").

All pending requests are denied.

**AFFIRMED.**