NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PAULA PARISI,<br><br>              Debtor,<br><br>_____<br><br>PAULA PARISI,<br><br>              Appellant,<br><br>  v.<br><br>PETER C. ANDERSON, United States<br>Trustee for Region 16,<br><br>              Appellee. | No. 20-56150<br><br>D.C. No. 2:19-cv-07775-JVS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 15, 2022**

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Paula Parisi appeals pro se from the district court's judgment affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's order dismissing her Chapter 11 bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision and apply the same standard of review that the district court applied to the bankruptcy court's ruling. *Mano–Y & M, Ltd. v. Field (In re The Mortgage Store, Inc.)*, 773 F.3d 990, 994 (9th Cir. 2014). We affirm.

The bankruptcy court did not abuse its discretion by dismissing Parisi's bankruptcy case for cause because the record demonstrates that Parisi failed to comply with the bankruptcy court's orders to submit a timely Chapter 11 plan and related disclosure statement, and to file timely monthly operating reports. *See* 11 U.S.C. § 1112(b)(4)(E) (explaining that failure to comply with court orders is cause for dismissal of a Chapter 11 bankruptcy petition); *Toibb v. Radloff*, 501 U.S. 157, 165 (1991) (bankruptcy court has "substantial discretion" to dismiss a Chapter 11 case).

We do not consider Parisi's due process claims because Parisi failed to raise them before the bankruptcy court. *See In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005) (explaining that "this Court does not consider an issue raised for the first time on appeal").

We do not consider Parisi's claims regarding the bankruptcy court's denial of Parisi's motion to continue the automatic stay, which was a final decision that Parisi appealed earlier in this action. *See Nat'l Env't Waste Corp. v. City of*

*Riverside (In re Nat'l Env't Waste Corp.)*, 129 F.3d 1052, 1054 (9th Cir. 1997) ("Orders granting or denying relief from the automatic stay are deemed to be final orders."); *Humanitarian Law Project v. U.S. Dep't of Justice*, 352 F.3d 382, 392-93 (9th Cir. 2003) (holding that law of the case prevented further review of a previous decision decided on appeal), *vacated on other grounds by* 393 F.3d 902 (9th Cir. 2004).

We reject as without merit Parisi's contentions that the bankruptcy court was biased against her, that the district court erred by naming the U.S. Trustee as appellee, or that the district court abused its discretion by refusing to allow Parisi to file an amended opening brief.

Parisi's motion to substitute her reply brief (Docket Entry No. 37) is granted. All other pending motions and requests are denied.

**AFFIRMED.**