NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SARAH HOOVER, <br><br> Debtor, <br> _____ <br><br> SARAH HOOVER, <br><br>  Plaintiff-Appellee, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, DBA PHH Mortgage Services; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; IH6 PROPERTY WASHINGTON, L.P., DBA Invitation Homes, <br><br> Defendants. | No. 22-35814 <br><br> D.C. No. 3:21-cv-05154-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted August 23, 2023

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

In 2003 Ali Suleiman, the trustor, established a spendthrift trust for the benefit of his children. In 2005 the trustor bought a house into which his daughter, Plaintiff Sarah Hoover, moved. The trust was amended in 2011 to provide that Plaintiff would receive the house when the trustor died. The trustor died in 2015, but the trustees did not transfer title to Plaintiff. She made mortgage payments on the house until 2018. Plaintiff filed for bankruptcy in 2019, but Defendants (various lenders and loan servicers) foreclosed on the house after the filing of the bankruptcy. Plaintiff moved for a ruling that Defendants had violated the automatic stay, 11 U.S.C. § 362(a), and some Defendants moved to annul the stay retroactively. The bankruptcy court, affirmed by the district court, ruled on summary judgment that the house was property of the bankruptcy estate; held that Defendants PHH Mortgage Corporation, NewRez, LLC, and HSBC Bank USA, N.A., had violated the stay; and declined to annul the stay. Those three Defendants bring this timely appeal, and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We affirm in part, vacate in part, and remand with the instruction that the district court dismiss part of the appeal.

1. We review de novo the grant of summary judgment to Plaintiff. United States v. Warfield (In re Tillman), 53 F.4th 1160, 1166 (9th Cir. 2022). The house

2

was part of the bankruptcy estate. Plaintiff had an interest in the house within the meaning of 11 U.S.C. § 541(a). Under Washington law, creditors could reach the property because it was "ready for distribution." Knettle v. Knettle, 68 P.2d 218, 220 (Wash. 1937). The time for distribution, as established by the trustor, arrived when he died 2015; the trust required conveyance "as soon as practicable" after the trustor's death. No conditions precedent remained to be performed, but only the ministerial transfer of title. There is no evidence that the trustees relied on the discretion granted to them elsewhere in the trust instrument, even if that discretion could in theory override the mandatory provision for distribution of the house to Plaintiff.

2. We review for abuse of discretion the decision on the motion to annul the automatic stay. Nat'l Env't Waste Corp. v. City of Riverside (In re Nat'l Env't Waste Corp.), 129 F.3d 1052, 1054 (9th Cir. 1997). Defendants had notice of Plaintiff's bankruptcy filing before the foreclosure sale took place, and the bankruptcy court committed no legal error or abuse of discretion when weighing the equities.

3. We lack jurisdiction over the bankruptcy court's interim conclusion, affirmed by the district court, that the violation of the automatic stay was "willful," 11 U.S.C. § 362(k)(1), on the part of some Defendants. The bankruptcy court deferred determining the amount of actual damages and deciding whether punitive

3

damages were warranted. Thus, there was no completed "proceeding" within the meaning of 28 U.S.C. § 158, from which an appeal could be taken at this time. Ritzen Grp. Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020); Bullard v. Blue Hills Bank, 575 U.S. 496, 501–02 (2015); Perl v. Perl, (In re Perl), 811 F.3d 1120, 1125 (9th Cir. 2016).

4. Finally, Defendants argue that the bankruptcy court, affirmed by the district court, erred in characterizing an action as having been in "complete disregard for the automatic stay." This argument pertains to the potential future assessment of damages, over which the district court and we lack jurisdiction.

We affirm the bankruptcy court's holding that Defendants PHH, NewRez, and HSBC Bank violated the automatic stay and the bankruptcy court's denial of the motion to annul the automatic stay. We vacate the district court's rulings on the issues of willfulness and of the "complete disregard" comment, and we remand with the instruction that the district court dismiss those parts of the appeal to the district court as premature.

**AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS. Costs on appeal to Appellee.**

4